**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SHEREEF KAMEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-221-JDK-KNM |
| | § | |
| PROSPER-PARKSIDE | § | |
| HOMEOWNERS ASSOCIATION | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are motions to dismiss filed by Defendants Grant Neidenfeuhr, Soprina Reeves, Prosper-Parkside Homeowners Association, Inc., Neighborhood Management, Inc., Obed Morales, FirstService Residential Texas, Inc., Erica Beasley, Angelica Montfort, Brady Small, Edwin Leland, Matthew Bridges, and Leigh Gressett. Docket Nos. 18, 21–28, and 32–35. In addition to seeking dismissal for failure to state a claim under Rule 12(b)(6), each motion seeks dismissal for insufficient process under Rule 12(b)(4) and/or insufficient service of process under Rule 12(b)(5). *Id.* This case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636.

On February 11, 2026, Judge Mitchell issued a Report and Recommendation concluding that Plaintiff's attempts to serve Defendants were insufficient. Docket No. 97. Having separately granted Plaintiff leave to properly effectuate service (Docket No. 94), Judge Mitchell recommended that the motions to dismiss under Rule

12(b)(4) and Rule 12(b)(5) be denied without prejudice and that Plaintiff's prior service attempts be quashed.  Docket No. 97.  Determining that lack of proper service precluded the Court from exercising personal jurisdiction over Defendants, Judge Mitchell declined to consider Defendants' Rule 12(b)(6) arguments.  *Id.*  No written objections have been filed, and the time for filing objections has passed.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, no objections were filed. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews her legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and Recommendations, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 97) as the opinion of this Court.

Defendants' motions to dismiss (Docket Nos. 18, 21–28, 32–35) are **DENIED**

**without prejudice** to refiling following the expiration of Plaintiff's 30-day period to

properly effectuate service. *See* Docket No. 94. Plaintiff's prior insufficient service

attempts are **QUASHED**.

So **ORDERED** and **SIGNED** this **27th** day of **February, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE